WICKER, Judge.
Michael J. Welch appeals the dismissal of his petition of appeal by the Personnel Board of the Parish of Jefferson. We affirm.
Welch is employed as an Engineering Inspector II in the Department of Public Works — Engineering, of Jefferson Parish. He applied for promotion to Engineering Inspector III and was required to take a test, along with the other applicants, for the promotion. He was denied the promotion allegedly because of his poor showing on the test.
He appealed the decision to the Personnel Board, alleging discrimination against him. The alleged discrimination consisted of (1) requiring Welch to take a written test when he has never done well on written tests and (2) not using selective certification. The board dismissed his appeal on the ground that Welch’s petition of appeal “fail[ed] on its face to state a basis upon which jurisdiction of this Board can be invoked.”
Rule II, Section 4 of the Jefferson Parish Personnel Rules governs jurisdiction of the Board over appeals.
4.3 Persons who have applied for or shall have been examined for the classified service and who allege that they have been discriminated against due to race, religion, politics, or other specified cause unrelated to merit-employment considerations in review of their applications, admission to examinations, scoring of examination, establishment of eligible lists, or certification, shall have the right to appeal to the Board.
The alleged discrimination is not “due to race, religion, politics, or other specified cause unrelated to merit-employment considerations.” On the contrary, meeting the qualifications for a particular position, one of which is passing a competitive examination, is directly related to merit. The Personnel Director, under Rule VI, Section 1, is required to hold competitive tests to determine the “merit and fitness" of candidates for promotion. With regard to his claim that selective certification should have been used, Rule VI, Section 6 and Rule VII, Section 2 require that candidates so certified must be taken from a list of eligibles who have passed the test.
We agree with the Personnel Board’s conclusion that it had no jurisdiction to consider Welch’s appeal and affirm its dismissal of his case.
AFFIRMED.